[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, referred to the undersigned, the factual situation is conflicting. The plaintiff was the owner of a 1985 Volkswagon "Golf" automobile which was involved in an automobile accident on October 17, 1988, on Dixwell Avenue in Hamden. The plaintiff took the car for auto body repairs to the defendant's shop, located at 865 Congress Avenue, in New Haven.
Plaintiff's Exhibit A, his bill from the defendant for the repair work done, dated October 17, 1988, is for $2,700.00. The CT Page 9437 plaintiff maintained that, after getting his car from the defendant upon completion of the repairs, he left the defendant's garage and headed for his home at 509 Norton Parkway. About two-thirds of the way home, the oil indicator buzzer of his car went off, indicating a lack of oil in the car engine. He stopped driving the car and called the defendant to tell him about the oil situation, and asked for a tow to the defendant's garage.
Since the defendant does not have a tow truck himself, he so informed the plaintiff and called a separate company, "Albert's Towing Flatbed Service", located at 335 Whalley Avenue, New Haven, to pick up the plaintiff's car for road service towing. Plaintiff's Exhibit B is a bill for $38.00, dated "10/25/88", and is marked paid by the plaintiff. It indicates that plaintiff's car was picked up at 11:15 (A.M.) at the "Corner [of] Norton Pky 
Dyer St."; and that it was towed to the "Saltonstall Pkwy Gulf Station".
Plaintiff's Exhibit C is a bill from the "Grand Prix Foreign Domestic Auto Repair", located at 227 Saltonstall Parkway, East Haven, Ct., which charged $1,400.00 for installing a complete rebuilt engine, and $8.50 for an oil filter. It also states under the caption "DESCRIPTION OF WORK", "Check engine for noise no oil pressure — no oil found in engine, fill with oil noise remained, find damaged engine, remove engine, replace with factory rebuilt engine, and swap components." The total bill from Grand Prix came to $2,397.23.
The case presents a clear issue of the credibility of the testimony adduced from the witnesses of the parties. The plaintiff testified, claiming that he meticulously changed the car oil regularly every few months. But, in the Answer to Interrogatories filed in the case, he stated that the last oil change was made by him approximately 6 months before the accident involved herein, casting doubt on the frequency of the oil changes.
The plaintiff's witness, Ignazio Puleo, the owner of the Grand Prix auto repair shop, testified that a rebuilt engine had to be installed, because the oil leakage from the plaintiff's car ruined the engine.
The defendant, Robert Horton, the owner and operator of the defendant Elm City Auto Body, testified that his license from the state is limited solely to auto body work; and that he is not licensed to do any mechanical work, including oil changes. His testimony was that neither he nor his helper touched the engine of the plaintiff's car. He further emphasized that the plaintiff had his car towed directly to the Puleo "Grand Prix Garage" in East Haven, from the location where the plaintiff claims he was forced CT Page 9438 to stop his vehicle at the corner of Norton Parkway and Dyer Street, a location in the vicinity of the plaintiff's home at 509 Norton Parkway.
The defendant called as an expert witness, Joseph DiLorenzo, an automobile engine specialist for over 15 years. He testified that if the engine had no oil, as the plaintiff claims, it could not function at all, and would "chew itself up in no time."
The undersigned was, therefore, confronted with a pronounced conflict of the witnesses' testimony, both lay and expert. There is a plethora of Connecticut decisions holding that the trial judge, in a case tried to the court, must weigh the disputed evidence adduced and determine its credibility and effect. And he realizes that this duty must be assumed even where the testimony and evidence is polarized as in the case herein. See, for example, Griffin v. Nationwide Moving Storage Co., 187 Conn. 405,422 (1982). This principle holds true even as to the weight to be given the expert witness.
The following facts are hereby found:
(1) The plaintiff has not sustained the burden of proof upon him to prove that the defendant, Elm City Auto Body, did something, or omitted to do something, which was incumbent upon it to do; and which caused the oil in the engine of plaintiff's vehicle to leak oil and force the engine to "destruct".
(2) The plaintiff has failed to prove by the required fair preponderance of the evidence, that it was some action of the defendant which caused the oil problem to come into existence.
(3) The undersigned, after due consideration of all the testimony, finds that the testimony and evidence adduced by the plaintiff, and his witnesses, does not support his claim that it was the negligence of the defendant that caused the oil leakage in the car of the plaintiff with its ensuing damage.
(4) And he finds that the evidence presented by the defendant and his expert witness, DiLorenzo, is the more credible and persuasive.
CONCLUSION
In view of this finding of fact, the undersigned reaches the conclusion that the plaintiff has not sustained his burden of proving that the defendant, Elm City Auto Body, was negligent in doing the auto body repair on the plaintiff's motor vehicle which caused the damage claimed. CT Page 9439
No witness fee is ordered for the expert witness of the defendant, DiLorenzo.
Judgment is, accordingly, entered for the defendant.
A. Frederick Mignone State Trial Referee